UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO TYSON                                              CIVIL ACTION

VERSUS                                                     NO. 09-7619

WALTER REED - DISTRICT                                     SECTION: "S"(1)
ATTORNEY, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Antonio Tyson, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against District Attorney Walter Reed, Warden Robert C. Tanner, and the State of Louisiana. In this lawsuit, plaintiff claims that his rights have been violated in connection with his state criminal proceedings. Specifically, plaintiff claims that (1) his guilty pleas were wrongly accepted without a determination that he was competent; (2) the state courts wrongly denied him post-conviction relief on procedural grounds; (3) the terms of his plea bargain are being violated; (4) he has been denied access to competent inmate counsel; and (5) La.C.Cr.P. art. 930.8 is unconstitutional.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II. *Habeas Corpus* Relief

As a preliminary matter, the Court notes that one of the forms of relief sought by plaintiff is a declaratory judgment that his convictions and continued confinement violate his rights under the Due Process Clause. That form of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Accordingly, if plaintiff wishes to pursue such relief, he should file with the Court a properly completed form petition seeking relief under 28 U.S.C. § 2254,[2] along with the required $5.00 filing fee or an application to proceed *in forma pauperis*.

### III. Federal Civil Rights Claims

Petitioner filed his complaint on a form to be used by prisons seeking relief under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted).

### A. State of Louisiana

Plaintiff has named the State of Louisiana as a defendant. The claim against the state is subject to dismissal on at least two grounds.

---

[2] Plaintiff may request a form petition from prison officials or from the Clerk of this Court.

First, states are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992).

Second, in any event, plaintiff's claims against the state are prohibited by the Eleventh Amendment, the federal constitutional provision which bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

### B. District Attorney Walter Reed

Plaintiff has also named as a defendant St. Tammany Parish District Attorney Walter Reed. Plaintiff has sued Reed in both his individual and official capacities for monetary damages. Those claims fail for the following reasons.

As to the claim against Reed in his individual capacity, that claim is barred by his absolute prosecutorial immunity. Prosecutorial immunity protects Reed against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers,

31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Reed in his individual capacity relate to his actions taken in prosecuting the criminal charges, he is protected by absolute immunity.[3]

As to the claim against Reed in his official capacity, that claim likewise fails. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The

---

[3] The Court notes that it is unlikely that Reed personally took any action with respect to plaintiff's case; however, even assuming Reed was personally involved, he is entitled to absolute prosecutorial immunity. To the extent that plaintiff is simply seeking to hold Reed liable for the actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6. Because plaintiff does not allege that he suffered a constitutional violation resulting from an identified official policy or custom of the St. Tammany Parish District Attorney's Office, no official-capacity claim against Reed has been properly stated.

## C. Warden Robert Tanner

Lastly, plaintiff sued Warden Robert C. Tanner in both his individual and official capacities for monetary damages. Those claims likewise fail.

Tanner is the warden of the B.B. "Sixty" Rayburn Correction Center, a state prison, and, therefore, is a state employee of the Louisiana Department of Public Safety and Corrections. See Tyson v. Tanner-Warden, Civ. Action No. 08-4445, 2009 WL 2899815, at *1 and *5 (E.D. La. Aug. 31, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *3 (E.D. La. Aug. 25, 2009). State officials and employees sued in their official capacities for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. Will, 491 U.S. at 71; Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL

7

653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). Moreover, in any event, because a § 1983 claim against a state official or employee in his official capacity for monetary damages is actually a claim against the state itself, such a claim is likewise barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

Further, plaintiff has not stated a proper individual-capacity claim against Tanner. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not alleged that Tanner was personally involved with the civil rights violations alleged in this case. Further, the fact that Tanner holds supervisory position is not a basis to hold him liable in a federal civil rights action under any theory of strict liability[4] or vicarious liability.[5]

---

[4] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ([T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 n.5 (E.D. La. Oct. 23, 2009).

[5] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Bland, 2009 WL 3486449, at *3 n.6.

## IV. La.C.Cr.P. 930.8

Lastly, the Court notes that plaintiff alleges that La.C.Cr.P. 930.8, which imposes a limitations period for the filing of state post-conviction applications, is unconstitutional. It is clear that it is not. See United States *ex rel*. Dopkowski v. Randolph, 262 F.2d 10, 12 (7th Cir. 1958) ("The law is well settled that a state may attach reasonable time limitations to the assertion of federal constitutional rights ...."); United States *ex rel*. Barksdale v. Lane, No. 89 CV 4068, 1989 WL 135199, at *2 (N.D. Ill. Nov. 1, 1989) ("Since states have no obligation to provide for post-conviction relief of any form, there is no inherent right to a certain time period for seeking such relief.") (citations omitted), aff'd, 957 F.2d 379 (7th Cir. 1992); State *ex rel*. Glover v. State, 660 So.2d 1189 (La. 1995) ("Our analysis of the United States Supreme Court's decisions ... convinces us that the United States Constitution does not require states to provide post conviction remedies for persons convicted in state courts so long as the states have provided some avenue of direct review of the conviction. Accordingly, if a state's failure to provide any post conviction relief procedure at all does not violate the Fourteenth Amendment Due Process Clause, then *a fortiori*, Art. 930.8, a state statute which merely limits an inmate's avenues for state post conviction relief, cannot violate that clause.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this twenty-second day of December, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.